EMILIO M. GARZA, Circuit Judge,
concurring in part and in the judgment:
I agree with the majority’s adoption of the Eighth Circuit’s United States v. Haack, 403 F.3d 997 (8th Cir.2005), standard for reviewing non-Guidelines sentences. I disagree, hovfever, with the majority’s conclusion that the district court adequately considered 18 U.S.C. § 3553(a)(6), “the need to avoid unwarranted sentencing disparity.” The Haack standard requires us to vacate a sentence and remand when the district court did not consider a factor that should have received significant weight. Id. at 1004. I would hold that where the district court imposes a sentence that is more than twice the top of the applicable Guidelines range, sentencing disparity is a factor that should receive significant weight. Although the district court need not, in most cases, explicitly discuss each of the § 3553(a) factors, a sentence so far outside the Guidelines range is not reasonable without consideration of the resulting disparity.
I concur in the judgment, however, because Smith has waived any argument based on sentencing disparity by failing to adequately brief it. Fed.R.App.P. 28(a)(9)(A); Salazar-Regino v. Trominski, 415 F.3d 436, 452 (5th Cir.2005) (argument that consisted solely of a single citation to a case is waived); L & A Contracting Co. v. S. Concrete Servs., 17 F.3d 106, 113 (5th Cir.1994) (holding that argument that was one-page in length was waived where appellant cited no authority). The total of Smith’s argument on point consists of the conclusory assertion that his sentence conflicts with the need to avoid unwarranted sentencing disparity. The remainder of Smith’s brief argues that a non-Guidelines sentence is unreasonable when the Guidelines already take into consideration the reasons given by the district court. Accordingly, I would hold that Smith has *711 waived the argument and affirm the sentence on that basis.